Dear Ms. Boudreaux:
Reference is made to your recent request for an opinion of this office regarding the collection of tall grass liens. On behalf of the Lafourche Parish Council, Sheriff and Assessor, you have posed ten questions, as follows:
"1. The legality of the Assessor affixing an additional item, grass lien, to the tax roles or submitting an attachment of a separate invoice to the tax bills for the grass liens."
It is the opinion of this office that the Assessor of Lafourche Parish may include grass liens on the tax rolls or attach a separate invoice for grass liens to tax bills. See also our answer to your question No. 4.
"2. In the event that this item can be affixed to the tax roles, how should the Tax Collector proceed if the property owner refuses or disputes payment of the grass lien?"
The tax collector would advise the Parish, and the Parish would then proceed by filing a suit by ordinary process for enforcement of the lien, and ultimately executing on the resultant judgment against the owner of the property.
"3. The legality of placing a property on tax sale if the owner refuses to pay the grass lien attached to the ad valorem tax bill."
It is the opinion of this office that property cannot be sold at tax sale because its owner refuses to pay grass liens. In our opinion, property can only be sold at tax sale if it is the subject of unpaid ad valorem taxes, and grass liens are not taxes.
Our opinion in this regard is based on the decision of the Louisiana Supreme Court's decision in Audubon Insurance Companyv. Bernard, 434 So.2d 1072 (La. 1983), wherein a statutory increase in the amount charged insurers by the Louisiana Insurance Rating Commission was held to be a tax in violation of the state constitution. The Court held that if revenue is the primary purpose for an assessment and regulation is merely incidental or the assessment materially exceeds the cost of regulation, then the imposition is a tax. However, Audubon also stands for the proposition that ". . . if the imposition has not for its principle object the raising of revenue, but is merely incidental to the making of rules and regulations to promote public order, individual liberty, and general welfare . . .", the imposition is not a tax. See also: Atty. Gen. Ops. Nos. 93-312 and 94-254, which note that the provisions of La. Const. Art.VII, Sec. 25, which authorize the sale of property for delinquent ad valorem taxes, do not apply to delinquent weed fees.
"4. Must the tall grass lien be added to both the tax roll and tax notice or to the tax notice only?"
Since grass fees and grass liens are not taxes, it is our opinion that a tall grass lien may be, but does not have to be, added to either the tax rolls or to an individual tax notice. See R.S. 33:1236(21)(a)(1), which provides that parishes "may, at their option" add grass cutting charges to the annual ad valorem tax bills Rather, what is important is that property owners receive proper notice of the need to cut/clear property and proper notice of the fees owed if the Parish must cut/clear the property.
"5. Must the tall grass lien appear on the tax notice itself or can it appear on a separate document appended to the tax notice?"
In our opinion, a grass lien may be appended to the tax notice or it can appear on the notice itself. See also our answer to your question No. 4.
"6. Is it the responsibility of the Sheriff or of the Assessor to amend the tax roll/notice to include a tall grass lien?"
Since it is our opinion that grass liens are not taxes, we know of no reason why such liens should be added to the tax rolls. However, we are unaware of any law which would prohibit the inclusion of a grass lien on the tax roll pursuant to an agreement between the Parish Council and the Assessor. The Parish may also choose to enter into an agreement with the Sheriff for the collection of the grass fees, and thereby arrange for the Sheriff to add same to the tax bills.
"7. Is the Sheriff, Assessor, or Parish Governing Authority liable for any additional costs that may be incurred as a result of adding a tall grass lien to the tax roll/notice? (e.g. printing of forms, software programming, etc)"
Tall grass fees are collected and enforced by the parish, pursuant to an ordinance of the parish. It is, therefor, our opinion that the Parish governing authority is liable for any costs associated with the collection and enforcement of the tall grass fees and liens.
"8. (a) If a taxpayer who has been assessed a tall grass lien chooses to pay the tax assessment in full, but refuses to pay the tall grass lien, does this constitute a protest payment, non-payment, or partial payment?
 (b) In the above scenario, what actions are to be taken by the Sheriff to enforce collection of the tall grass lien?"
In response to part (b) of your question, we refer you to our answer to your question No. 2. If grass liens are not paid, the tax collector would advise the Parish, and the Parish would then proceed by filing a suit by ordinary process for enforcement of the lien.
"9. If a property owner owes no taxes because they are homestead exempt, can they be billed for a tall grass lien and is their property subject to a tax sale for non-payment of the tall grass lien?"
As previously stated, it is our opinion that grass liens are not taxes. Accordingly, tax sales are not an appropriate means of collecting unpaid grass liens. Of course, since grass liens are not taxes, the question of whether property is or is not subject to the homestead exemption is irrelevant to the collection of grass liens. Grass liens can be fully enforced against property that is exempt from ad valorem taxes.
"10. In the event that property is sold at a tax sale for non-payment of a tall grass lien, do the existing redemption law and procedures apply?"
As previously stated, it is the opinion of this office that property which is the subject of grass liens cannot be sold at a tax sale.
We trust the foregoing to be of assistance. Should the officials of Lafourche Parish need the assistance of this office in the future, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv